THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. BALLATORE,

        Plaintiff,                              Civil Action No.
                                                      11-CV-15335

vs.

                                                      HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER RETURNING THE MATTER TO THE MAGISTRATE JUDGE

      This is a social security case. Plaintiff Robert Ballatore appeals from the final determination of the Commissioner of Social Security denying his application for disability benefits under the Social Security Act, 42 U.S.C. § 1381(a), et seq. The Court entered an order referring the case to Magistrate Judge Charles E. Binder (Dkt. 2). The parties have filed cross motions for summary judgment (Dkts. 7, 10). Magistrate Judge Binder issued a Report and Recommendation (R&R) (i) recommending that the decision of Administrative Law Judge (ALJ) Gregory Holiday be affirmed, and (ii) recommending that the Commissioner's motion be granted and that Plaintiff's motion be denied. (Dkt. 12.) Plaintiff has filed objections to the R&R. (Dkt. 13.)

      In his objections, Plaintiff argues that the ALJ failed to properly address the previous grant of Social Security disability benefits to Plaintiff. Obj. at 8 (Dkt. 13). In 2005, ALJ Melvyn B. Kalt granted Plaintiff's application for disability benefits, with an established onset date of disability of June 6, 2002, and a closed disability date of January 4, 2005. Tr. at 15. Plaintiff argues that, although ALJ Holiday found Plaintiff's condition "did materially change after June

1

23, 2005," the ALJ made "no specific findings about what condition improved or . . . what change there was in past relevant work." Obj. at 8. Plaintiff contends that it is not possible to "conclude how some things did or did not change unless we know what the 2005 decision said. The ALJ cannot raise 'res judicata' . . . and then offer no explanation as to what the prior ruling was and how he has reached a different conclusion." Id.

In the Sixth Circuit, it is established that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997).

In his March 15, 2011 decision denying Plaintiff's claim for disability benefits, ALJ Holiday stated:

> ALJ Kalt's prior finding concerning the claimant's residual functional capacity is binding absent evidence of an improvement or change in condition since the prior hearing . . . . I find that the claimant's condition did materially change after June 23, 2005, and I have made my findings concerning the claimant's residual functional capacity in consideration of the evidence of those changes, detailed below.

Tr. at 19. The Court has carefully reviewed the ALJ's decision and, as Plaintiff contends, the ALJ does not state what the 2005 residual functional capacity (RFC) finding was, nor does the ALJ explain how the current status of Plaintiff's condition is different from the status of Plaintiff's condition in 2005. Without evidence that Plaintiff's condition improved since 2005, the ALJ is bound by the 2005 RFC determination. See Drummond, 126 F.3d at 842.

Magistrate Judge Binder states in his R&R:

> ALJ Kalt's prior finding of a closed period of disability prior to June 23, 2005, is binding absent evidence of an improvement or change in condition. See Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997). The burden is on the Commissioner to prove changed circumstances and escape the principles of res judicata. Id. at 843. The ALJ in this case found that Plaintiff's condition did materially change and improve after June 23, 2005. (Tr. at 19.)

R&R at 13 (Dkt. 13).  However, the R&R does not provide further analysis of this issue, nor does the R&R explain how Plaintiff's condition has changed or improved since 2005.

Based on the R&R's short discussion of the issue of res judicata under Drummond, the Court is unable to discern the basis for the R&R's affirmance of the ALJ's finding that Plaintiff's condition "did materially change and improve after June 23, 2005."  R&R at 13.  Therefore, the Court will return the matter to the Magistrate Judge to clarify on what basis he has determined there was an improvement in Plaintiff's condition.  See Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . return the matter to the magistrate judge with instructions.").

SO ORDERED.

Dated:  December 20, 2012                               s/Mark A. Goldsmith
       Flint, Michigan                                    MARK A. GOLDSMITH
                                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2012.

                                                                   s/Deborah J. Goltz
                                                                   DEBORAH J. GOLTZ
                                                                   Case Manager