**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT D. BALLATORE,

     *Plaintiff*,

*v.*                      CASE NO. 11-CV-15335

COMMISSIONER OF          DISTRICT JUDGE MARK A. GOLDSMITH
SOCIAL SECURITY,         MAGISTRATE JUDGE CHARLES E. BINDER

     *Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON ORDER RETURNING MATTER TO THE MAGISTRATE JUDGE**
(Doc. 14)

**I.**    **RECOMMENDATION**

For the reasons stated below, **IT IS RECOMMENDED** that Plaintiff's objection that the

Administrative Law Judge failed to properly address the previous grant of benefits to Plaintiff be

**OVERRULED**, as this issue was raised for the first time in Plaintiff's objections to the earlier

Report and Recommendation and not in his motion for summary judgment.

**II.**    **REPORT**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of

Reference, this case was referred to this magistrate judge for the purpose of reviewing the

Commissioner's decision denying Plaintiff's claims for a period of disability, for disability

insurance benefits, and for supplemental security income benefits. The parties filed cross-motions

for summary judgment (Docs. 7, 10) and the undersigned issued an Report and Recommendation

("R&R") recommending that Plaintiff's motion be denied and that Defendant's motion be granted.

(Doc. 12.) Plaintiff's motion for summary judgment raised the following issues: that the

Administrative Law Judge ("ALJ") "made factual errors in his decision regarding facts he considered significant to the decision" (Doc. 7 at 6-10), that the ALJ's finding that Plaintiff could perform a limited range of sedentary work was not supported by substantial evidence (*id*. at 10-14), and that the ALJ failed to defer to Plaintiff's treating physician, Dr. Sesi, and instead relied on the opinion of the consulting examiner, Dr. Jacobson. (*Id*. at 14-19.) Each of these issues was considered in the R&R. (Doc. 12 at 13-18.)

In the Order Returning Matter to Magistrate Judge, the district judge noted that "[i]n his objections [to the R&R], Plaintiff argues that the ALJ failed to properly address the previous grant of Social Security benefits to Plaintiff." (Doc. 14 at 1; Doc. 13 at 8.) Based on this objection, the district judge returned the matter to the undersigned magistrate judge to "clarify on what basis he has determined there was an improvement in Plaintiff's condition." (Doc. 14 at 3.) The court quoted the R&R, which stated that the burden is on the Commissioner to prove changed circumstances and escape the principles of res judicata, and that the ALJ found Plaintiff's condition did materially change and improve after June 23, 2005. (Doc. 14 at 2-3; Doc. 13 at 13.)[1] The reason the R&R did not specifically analyze the ALJ's findings regarding changed circumstances in the context of res judicata is because Plaintiff never raised that issue in his motion for summary judgment.

Arguments raised for the first time in objections to an R&R are deemed waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998) ("while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties

---

[1]I note that the portion of the R&R cited is found under the "Legal Standards" section and not the analysis section. (Doc. 13 at 13.) There were no determinations made nor analysis provided in that section of the R&R. Rather, that section sets forth the generally applicable legal standards, e.g., the definition of sedentary work or past disability determinations.

to raise . . . new arguments or issues that were not presented to the magistrate"); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases). I therefore suggest that Plaintiff's objection be deemed waived.

Should the court chose to review the objection, the R&R suggests that substantial evidence supported the ALJ's finding that Plaintiff was not disabled. (Doc. 12 at 13-18.) A finding that substantial evidence supports the ALJ's conclusion that Plaintiff is capable of performing a limited range of sedentary work necessarily includes a finding that Plaintiff's condition improved. *See Rieber v. Astrue*, No. 3:10CV431-S, 2011 WL 2634122, at * 14 (W.D. Ky. Apr. 5, 2011) (where ALJ's finding that plaintiff retained the RFC to perform sedentary work, medical improvement found by ALJ was also supported by substantial evidence). Therefore, the undersigned would find that substantial evidence supports the ALJ's finding that Plaintiff's condition improved for the same reasons it found substantial evidence supported the ALJ's finding that Plaintiff could perform a limited range of sedentary work in the R&R.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *McClanahan*, 474

F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder

CHARLES E. BINDER

Dated: January 8, 2013                                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  January 8, 2013                          By      s/Patricia T. Morris
                                                              Law Clerk to Magistrate Judge Binder