# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT D. BALLATORE,

        CASE NO. 11-cv-15335

   *Plaintiff*,

v.        DISTRICT JUDGE MARK A. GOLDSMITH
        MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

   *Defendant*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION SEEKING AN ATTORNEY FEE PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(Doc. 19)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act be **DENIED**.

## II. REPORT

### A. Introduction and Procedural Background

Pursuant to an order of reference from United States District Judge Mark Goldsmith under 28 U.S.C. § 636(b)(1)(A),[1] (Doc. 21), pending is Plaintiff's Application Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412.

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney Phillip Fabrizio has represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the case on December 6, 2011, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a Report and Recommendation. (Doc 2.) On October 2, 2012, a Report and Recommendation ("R&R") issued, suggesting the grant of the Commissioner's motion for summary judgment and the denial of Plaintiff's motion for summary judgment. (Doc. 12.) After consideration of objections, Judge Goldsmith remanded the matter for a second R&R, stating:

> Based on the R&R's short discussion of the issue of res judicata under *Drummond*, the Court is unable to discern the basis for the R&R's affirmance of the ALJ's finding that Plaintiff's condition "did materially change and improve after June 23, 2005." R&R at 13. Therefore, the Court will return the matter to the Magistrate Judge to clarify on what basis he has determined there was an improvement in Plaintiff's condition. *See* Fed. R. Civ. P. 72(b)(3).

(Doc. 14 at 3.) A second R&R issued January 8, 2012, explaining that

> [t]he reason the [first] R&R did not specifically analyze the ALJ's findings regarding changed circumstances in the context of res judicata is because Plaintiff never raised that issue in his motion for summary judgment.
>
> Arguments raised for the first time in objections to an R&R are deemed waived.

(Doc. 15 at 2.)

On March 15, 2013, after consideration of new objections, Judge Goldsmith issued an order accepting in part and rejecting in part the second R&R. (Doc. 17.) Judge Goldsmith concluded that Plaintiff had sufficiently raised the res judicata argument in his initial motion for summary judgment. (*Id.* at 7-8.) Next, Judge Goldsmith overruled Plaintiff counsel's objection that the ALJ improperly applied the "treating physician rule." (*Id.* at 9-17.) Judge Goldsmith then remanded the case

2

> for further consideration pursuant to 42 U.S.C. § 405(g), sentence four. Upon remand, the ALJ shall determine whether Plaintiff's condition materially improved since the 2005 disability determination; in doing so, the ALJ shall explicitly discuss and reference the 2005 findings.

(*Id*. at 16.) A judgment issued the same day. (Doc. 18.)

The instant application was filed on June 13, 2013. (Doc. 19.) The motion papers indicate that Plaintiff seeks a total of $6,479.95 in attorney fees, at an hourly rate of $180.50, along with $350.00 in costs. (*Id.*) The Defendant Commissioner filed a response in opposition to the motion (Doc. 22,) and counsel for Plaintiff filed a reply. (Doc. 23.) The matter is therefore ready for Report and Recommendation.

### B.  EAJA Requirements

An application for attorney fees under the EAJA, including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(A). In addition, a claimant must be an eligible party, i.e., one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Ratliff v. Commissioner of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012).

With regard to the first condition, the Supreme Court has held that a party who obtains a Sentence Four remand is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). The

second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999).

### C. Analysis and Conclusions

#### 1. Timeliness and Eligibility

In this circuit, the time for filing an EAJA petition begins to run only when the underlying judgment has become final; i.e., 60 days after judgment is entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131, n.3 (6th Cir. 2007); *Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D. Mich. 1987). The judgment in this case was entered on March 15, 2013, and became final 60 days later on May 14, 2013. The instant petition was filed on June 13, 2013, exactly 30 days later. Accordingly, I conclude at the threshold that Plaintiff counsel's application is timely filed and that the record contains no indication that Plaintiff is not a properly "eligible party" within the meaning of the EAJA.

#### 2. Prevailing Party

4

Since Plaintiff in this case obtained a Sentence Four remand, I suggest that under the case law cited above, Plaintiff is in fact a "prevailing party" and that this condition is met. *See Schaefer*, 509 U.S. at 301-02.

### 3. Substantial Justification

The primary dispute between the parties is whether the Commissioner's position was "substantially justified." The EAJA's "substantial justification" standard has been interpreted to mean that the government's "position" includes both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). Courts must be careful to maintain the distinction between a lack of substantial evidence, which results in a remand to the Commissioner, and a lack of substantial justification, which results in an award of attorney's fees. *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008).

In *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Supreme Court took pains to define "substantial justification." The Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as "[existence of] a genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as non-authoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. REP. NO. 99-120, at 9 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 138).

5

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . .'" *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 1866, 158 L. Ed. 2d 674 (2004) (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988). However, the Commissioner's position can be substantially justified despite "deficiencies in the ALJ's analysis

of the treating physician's opinion" where the evidence sheds sufficient doubt on the plaintiff's disability. *Ratliff*, 465 F. App'x at 460 (citing *Anderson v. Comm'r of Seoc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999)).

The Commissioner's arguments in response to Plaintiff counsel's application deal almost exclusively with the positions taken by the Commissioner in this litigation. However, as pointed out previously, the determination of "substantial justification" requires consideration of both the position of the Commissioner in this litigation and the actions taken by the Commissioner in the underlying administrative proceedings. In the fifth paragraph of his Findings of Fact and Conclusions of Law, the ALJ specifically considered the implications of Plaintiff's prior applications, stating:

> ALJ Kalt issued his decision granting a closed period of disability on June 23, 2005. ALJ Kalt's prior finding concerning the claimant's residual functional capacity is binding absent evidence of an improvement or change in condition since the prior hearing (*see Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), Acquiescence Ruling 98-4(6) (SSA must adopt a finding of claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability, made in the final decision by an ALJ or Appeals Council on a prior disability claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity); *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990); Acquiescence Ruling 98-3(6) (SSA must adopt a finding of the demands of the claimant's past relevant work made in the final decision by the ALJ or Appeals Council on prior disability claim)). I find that the claimant's condition *did materially change* after June 23, 2005, and I have made findings concerning the claimant's residual functional capacity in consideration of the evidence of those changes, detailed below.

(Doc. 5, Tr. at 19-20 (emphasis supplied).)

The ALJ then launched into a lengthy consideration of the medical evidence. After review of the pleadings and the ALJ's decision, I conclude that the ALJ's analysis, while deemed flawed, was nonetheless "substantially justified" within the meaning of the EAJA. Rather than ignoring

7

relevant case law and regulations, the ALJ cited the seminal Sixth Circuit cases on the application of administrative res judicata in social security proceedings, along with a series of SSA Acquiescence Rulings on the subject. Since the ALJ did not fail to follow the requirements of applicable regulations or clearly established precedent, I cannot find that the Commissioner's position was not substantially justified. *See Hudson*; *Fraction.* Although he did not use the phrase "res judicata," the ALJ clearly considered what effect the Plaintiff's earlier applications had on the proceedings before him. He then prefaced consideration of the medical evidence with the finding that Plaintiff's medical condition had "materially changed." I am unable to conclude that the ALJ's failure to invoke the term "medical improvement" renders his decision not "substantially justified" within the meaning of the EAJA. I therefore suggest that Plaintiff counsel's application be denied.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ Charles E. Binder  
Dated: November 26, 2013                            CHARLES E. BINDER  
                                                United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  November 26, 2013                          By      s/Patricia T. Morris  
                                                       Law Clerk to Magistrate Judge Binder