UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. BALLATORE,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Civil Action No.
11-CV-15335

HON. MARK A. GOLDSMITH

**OPINION AND ORDER (1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 24) DATED NOVEMBER 26, 2013, (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (DKT. 25), and (3) DENYING PLAINTIFF'S COUNSEL'S APPLICATION FOR ATTORNEY FEES AND EXPENSES OF LITIGATION UNDER THE EQUAL ACCESS TO JUSTICE ACT (DKT. 19)**

### I.    INTRODUCTION

This is a Social Security case that is presently before the Court on the application for attorney fees and expenses of litigation under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff's counsel, Philip R. Fabrizio.  Pursuant to an order of reference (Dkt. 21), Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R&R") regarding the application for attorney fees (Dkt. 24).  The R&R recommends denying the application for attorney fees on the ground that Defendant's position was substantially justified. Plaintiff filed objections to the R&R (Dkt. 25).  For the reasons that follow, the Court concludes that Defendant's position in this litigation and the underlying action was substantially justified and, therefore, Plaintiff's counsel is not entitled to an award of attorney fees under the EAJA. Accordingly, the Court adopts the recommendation contained in the R&R, sustains in part and

1

overrules in part Plaintiff's objections, and denies the application for attorney fees and litigation expenses.

## II. BACKGROUND

In 2002, Plaintiff Robert D. Ballatore was injured in a motorcycle accident. A.R. at 204 (Dkt. 5). In 2005, Administrative Law Judge ("ALJ") Melvyn B. Kalt granted Plaintiff's application for disability benefits, with an established onset date of disability of June 6, 2002, and a closed disability date of January 4, 2005. Id. at 15. On June 30, 2009, Plaintiff filed the claim for benefits that later became the subject of the instant case. Id. at 121. Following a hearing, ALJ Gregory Holiday issued his decision that Plaintiff was not disabled from June 30, 2009 through the date of the decision. Id. at 24.

As part of his decision, ALJ Holiday stated:

> ALJ Kalt's prior finding concerning the claimant's residual functional capacity is binding absent evidence of an improvement or change in condition since the prior hearing . . . . I find that the claimant's condition did materially change after June 23, 2005, and I have made my findings concerning the claimant's residual functional capacity in consideration of the evidence of those changes, detailed below.

Id. at 19. ALJ Holiday's decision did not quote, or otherwise describe, ALJ Kalt's prior finding of Plaintiff's residual functional capacity ("RFC"). In determining that Plaintiff had the RFC to perform sedentary work with a sit/stand option and various limitations, ALJ Holiday relied on Plaintiff's self-reported activities, medical records dating from 2009, physicians' opinions, and the ALJ's assessment of Plaintiff's credibility. Id. at 19-22.

The instant case was filed in this Court on December 6, 2011. The parties filed cross-motions for summary judgment (Dkts. 7, 10), and on October 2, 2012, the Magistrate Judge issued an R&R (Dkt. 12) that recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. Plaintiff raised the following

objections to the R&R: (i) the ALJ did not adequately consider the 2005 disability determination and (ii) the ALJ did not properly apply the treating physician rule.  Obj. at 6 (Dkt. 13).

On December 20, 2012, the Court entered an Order (Dkt. 14) returning the matter to the Magistrate Judge for clarification of the following issue:

> Based on the R&R's short discussion of the issue of res judicata under Drummond, the Court is unable to discern the basis for the R&R's affirmance of the ALJ's finding that Plaintiff's condition "did materially change and improve after June 23, 2005."  R&R at 13.  Therefore, the Court will return the matter to the Magistrate Judge to clarify on what basis he has determined there was an improvement in Plaintiff's condition.  See Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . return the matter to the magistrate judge with instructions.").

Order at 3.  On January 8, 2013,  the Magistrate Judge issued an R&R (Dkt. 15) stating, in part, that the "reason the R&R did not specifically analyze the ALJ's findings regarding changed circumstances in the context of res judicata is because Plaintiff never raised that issue in his motion for summary judgment."  R&R at 2.  Plaintiff filed objections to this R&R (Dkt. 16), contending that he had raised the res judicata issue in both his opening brief and reply brief.

On March 15, 2013, the Court issued an Opinion and Order (Dkt. 17).   Regarding the Magistrate Judge's October 2, 2012 R&R, the Court accepted in part and rejected in part that R&R and sustained in part and overruled in part Plaintiff's objections to the R&R.  Regarding the January 8, 2013 R&R, the Court rejected that R&R and sustained Plaintiff's objections to the R&R.  The Court also concluded that Plaintiff sufficiently raised the issue of res judicata before the Magistrate Judge.  Opinion at 7-8.  The Opinion stated,

> Absent evidence that Plaintiff's condition improved since 2005 — a conclusion that necessarily requires discussing the status of Plaintiff's condition in 2005 — the ALJ is bound by the prior RFC determination.  Therefore, the Court rejects the first and second R&Rs to the extent they suggest that the ALJ's decision that Plaintiff's condition "did materially change after June 23, 2005" applied the correct legal principles and was supported by substantial evidence.

3

Id. at 8-9. The Court then overruled Plaintiff's objections relating to the ALJ's application of the treating physician rule and consideration of the medical record. Id. at 9-16. The Court concluded, "Upon remand, the ALJ shall determine whether Plaintiff's condition materially improved since the 2005 disability determination; in doing so, the ALJ shall explicitly discuss and reference the 2005 findings." Id. at 16.

Plaintiff's counsel filed the instant application for attorney fees (Dkt. 19) on June 13, 2013, to which Defendant filed a response (Dkt. 22) and Plaintiff filed a reply (Dkt. 23). On November 26, 2013, the Magistrate Judge entered an R&R (Dkt. 24) recommending that the application be denied; on December 9, 2013, Plaintiff filed objections to the R&R (Dkt. 25).

### III. LEGAL STANDARD

Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" is defined as, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). See also Delta Eng'g v. United States, 41 F.3d 259, 261 (6th Cir. 1994) ("The government's 'position' comprehends both the United States' underlying action and its litigation position." (citations omitted)).

The Supreme Court has clarified that "substantially justified" means "justified to a degree that could satisfy a reasonable person;" i.e., having "a reasonable basis in law and fact." Pierce

v. Underwood, 487 U.S. 552, 565, 566 n.2 (1988). The government's failure to prevail in the litigation "raises no presumption that its position lacked substantial justification." United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cnty., Mich., 946 F.2d 437, 440 (6th Cir. 1991). "The government bears the burden of demonstrating substantial justification." Sec'y of United States Dep't of Labor v. Jackson Cnty. Hosp., Inc., 215 F.3d 1327, at *3 (Table) (6th Cir. 2000) (citation omitted).

## IV.   ANALYSIS

The parties dispute whether Defendant's position was substantially justified.[1] For the reasons that follow, the Court concludes that Defendant's position in the underlying agency action (the administrative denial of Plaintiff's claim) and in this litigation was substantially justified and, therefore, Plaintiff's counsel is not entitled to an attorney fee award under the EAJA.

**A. Arguments**

Plaintiff raises three objections to the R&R (Dkt. 25). First, he contends that he sufficiently raised the issue of res judicata in his summary judgment briefing. Obj. at 1-3. Second, he argues that the ALJ and Defendant's position regarding res judicata lacked substantial justification, because the ALJ's decision had no discussion of Plaintiff's 2005 disability findings. Id. at 4-5. Finally, Plaintiff seems to raise an argument that the fact that Defendant prevailed on other issues does not affect the substantial justification determination. Id. at 5 ("And the R&R, in arguing that the Commissioner prevailed on some of the other issues, does not confront the very issue that resulted in this Court's remand.").

---

[1] It is undisputed that Plaintiff's counsel's application for attorney fees was timely filed and that Plaintiff is a "prevailing party" within the meaning of the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-302 (1993) (holding that a party who receives a sentence-four remand in a Social Security case is a prevailing party for the purposes of the EAJA).

Defendant did not file a response to Plaintiff's objections. However, in Defendant's response to Plaintiff's application for attorney fees, Defendant contends that Plaintiff's counsel's application should be denied on the ground that Defendant was substantially justified in its position. Def. Resp. at 1 (Dkt. 22). Defendant argues that this Court rejected all but one of Plaintiff's objections relating to the decision of the ALJ. Id. at 4. Defendant further maintains that on the point in which the Court found in Plaintiff's favor — the res judicata issue — Defendant was substantially justified, for several reasons: (i) it was reasonable for Defendant to conclude that Plaintiff did not sufficiently raise this issue in his briefing; (ii) it was reasonable for Defendant to conclude the ALJ did not need to describe the prior ALJ's disability findings or show evidence of improvement, because the prior determination was for a closed disability period and because Plaintiff worked after this disability period; and (iii) it was reasonable to conclude that the ALJ did cite evidence of improvement, such as Plaintiff's earning records and the medical records. Id. at 4-8.

In his reply brief, Plaintiff argues that it is irrelevant that the Court rejected several of Plaintiff's arguments. Reply at 3-4 (Dkt. 23). He further argues that this Court has already determined that the ALJ's conclusion was deficient for its failure to provide any discussion of Plaintiff's status in 2005. Id. at 4-5.

**B. Discussion**

The Court addresses each of Plaintiff's objections in turn, and concludes that (i) Plaintiff sufficiently raised the issue of res judicata, (ii) the ALJ's position regarding res judicata was substantially justified, and (iii) Defendant's position in the case as a whole was substantially justified.

**1. Plaintiff sufficiently raised the res judicata issue**

First, the Court concludes that Plaintiff sufficiently raised the res judicata issue in the summary judgment briefing. See 3/15/13 Opinion and Order at 7-8 (concluding that arguments presented in Plaintiff's opening and reply briefs were sufficient to raise the res judicata issue). Thus, the Court rejects Defendant's argument that it was reasonable to conclude that this issue was not properly raised, and the Court sustains Plaintiff's objection as to this point.

**2. The ALJ's position regarding res judicata was substantially justified**

The Court next turns to Plaintiff's contention that the ALJ's failure to expressly describe the RFC determination in the 2005 disability decision was not substantially justified. Although the Court's conclusion set forth in its March 15, 2013 Opinion – that the ALJ's failure to quote or otherwise describe Plaintiff's 2005 disability status was erroneous – remains unchanged, the Court concludes that "reasonable people could differ as to the appropriateness" of the ALJ's determination. See Underwood, 487 U.S. at 565 (citation and quotation marks omitted).[2] In light of Sixth Circuit precedent, the ALJ had a reasonable basis for the extent to which he discussed the 2005 disability determination and the subsequent evidence introduced in the record. Thus, the Court is unable to conclude that the ALJ lacked substantial justification for his position.

In Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997), the Sixth Circuit explained the application of res judicata in a Social Security case:

> Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. We reject the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence. To allow the Commissioner such freedom would contravene the reasoning behind 42 U.S.C. § 405(h) which requires

---

[2] As the Supreme Court has explained, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Underwood, 487 U.S. at 566 n.2.

> finality in the decisions of social security claimants. Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner.

The Sixth Circuit later clarified the application of Drummond to cases in which the ALJ does not expressly describe the prior disability finding or the evidence on which the prior disability finding was based. See Collier v. Comm'r of Soc. Sec., 108 F. App'x 358 (6th Cir. 2004); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719 (6th Cir. 2013).

In Collier, 108 F. App'x at 362-363, the court concluded that, where the plaintiff's prior disability claim file was lost, the ALJ could rely solely on medical evidence subsequent to the previous disability determination in deciding that the plaintiff presently had only minimal physical impairments. The court noted that although the plaintiff's arguments were not entirely clear, she appeared to argue that the current ALJ, who determined that the plaintiff's RFC was for heavy work, should have been bound by the prior ALJ's RFC finding of light or sedentary work. Id. The Commissioner responded that, because the plaintiff's case file had been lost, the principles of Drummond had no application. Id. at 363.[3] The district court concluded that "even if [the plaintiff] had previously been found to be limited to sedentary work, however, the medical evidence between 1996 and 2000 certainly shows minimal physical impairment and, hence, a potential basis to find 'functional improvement.'" Id. The Sixth Circuit concluded,

> In reaching his conclusion, the ALJ evaluated medical evidence obtained in 1996, 2000 and 2001, and determined that Collier was capable of heavy work. Based on this evidence, the ALJ concluded that Collier could lift up to 100 pounds occasionally, and up to 50 pounds frequently. He also noted that she had the ability to stand, walk and sit for six hours in an eight-hour

---

[3] Although it is not clear from the Sixth Circuit's opinion, it appears that, because the plaintiff's prior disability file was never located, the Sixth Circuit was relying on the plaintiff's own description of her prior RFC determination as being for light or sedentary work. See Collier, 108 F. App'x at 363 (quoting the district court's decision as stating, "[e]ven if [the plaintiff] had previously been found to be limited to sedentary work, however, the medical evidence between 1996 and 2000 certainly shows minimal physical impairment . . . ." (emphasis added)).

>day. Given that new medical evidence considered by the ALJ, there was substantial evidence to support an RFC for a restricted range of heavy work.

Id.

In Rudd, 531 F. App'x at 725-726, the Sixth Circuit, relying on Collier, reaffirmed that the proper focus for a Drummond analysis is the medical evidence after the prior ALJ's decision. The court stated, "[I]n accordance with Drummond and SSAR [Social Security Acquiescence Ruling] 98-4(6), the ALJ considered new evidence and the prior ALJ's findings and found that the new evidence was material." Id. at 726. "The ALJ then evaluated the new evidence and explained how it established that [the plaintiff's] condition had improved . . . ." Id. The court concluded, "Finally, to the extent that [the plaintiff's] suggestion that the ALJ needed to access the prior record in order to support her conclusion that his condition changed is also not waived, it is equally without merit. The proper focus is on the evidence since the prior ALJ's decision." (citing Collier, 108 F. App'x at 362-363).[4]

Although neither Collier nor Rudd is wholly applicable, it is nevertheless reasonable to view them as providing some guidance for the issue at hand. In Collier, the prior ALJ's findings were unavailable, and apparently not referenced by the subsequent ALJ, because the previous disability file had been lost; in Rudd, the current ALJ did cite the prior ALJ's RFC finding, but not the evidence supporting that finding. In this case, there is no indication that Plaintiff's previous file was lost, and ALJ Holiday did not quote or explain what ALJ Kalt's 2005 disability findings were. However, both Collier and Rudd stand for the general principle that the primary focus of the Drummond analysis is the new evidence in the record subsequent to the first ALJ's

---

[4] The Court notes that the Sixth Circuit's decision in Rudd was issued after the ALJ made his decision in this case. However, because Rudd cited and expanded on prior Sixth Circuit precedent that was available to the parties in this case, the Court concludes that Rudd is applicable precedent to consider in determining whether the ALJ's position was substantially justified.

determination.

Because the Sixth Circuit has emphasized that the focus of the res judicata analysis should be new evidence since the prior ALJ's determination, the Court concludes that ALJ Holiday had a reasonable basis in law for relying on a discussion of the new medical records since 2005 in determining Plaintiff's current disability status. Indeed, in Collier, the Sixth Circuit affirmed an ALJ's sole reliance on subsequent record evidence with no apparent discussion of the prior RFC finding. Although it is not clear whether the Collier court's conclusion is applicable to circumstances in which there is no indication that the previous disability file was lost, this lack of clarity does not destroy the ALJ's reasonable basis in law for believing that a discussion of new evidence was sufficient. "The clarity of existing law is an important factor in determining whether the [Commissioner's] position was substantially justified," Spruil v. Bowen, 691 F. Supp. 302, 306 (M.D. Fla. 1988) (citations omitted), and in this case, the lack of definitive Sixth Circuit law on-point weighs toward concluding that "reasonable people could differ" as to this point.

Further, the Court concludes that the ALJ had a reasonable basis in fact for his findings. The Court has previously rejected Plaintiff's arguments as to the ALJ's application of the treating physician rule and the discussion of the medical evidence. The Court concludes that, under Collier and Rudd, the ALJ's thorough discussion of the evidence in the record, including the physician opinions, Plaintiff's self-reported activities, and medical evidence from 2009, provided a reasonable basis in fact for the ALJ's determination that, from June 30, 2009 through the date of the decision, Plaintiff was not disabled – and, therefore, that Plaintiff's condition had improved since the 2005 disability determination.[5]

---

[5] In Defendant's brief opposing the application for attorney fees, Defendant argues that the fact that the 2005 disability determination was for a closed period of disability ending in January

Notwithstanding the Court's disagreement with the ALJ's failure to expressly cite the RFC finding, the Court concludes that the ALJ had a reasonable basis in fact and law for his approach to the res judicata analysis, and, therefore, had a substantial justification for his res judicata decision. The Court, accordingly, overrules Plaintiff's objection as to the res judicata issue.

### 3. Defendant's position in the case as a whole was substantially justified

In determining whether Plaintiff's counsel is entitled to an award of attorney fees under the EAJA, it is appropriate to look beyond the issue on which Plaintiff prevailed to a determination of Defendant's position in the case as a whole. See Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) ("[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation."). For the reasons that follow, the Court concludes that Defendant's position in the case as a whole, despite the Court's remand on the res judicata point, was substantially justified.

As an initial matter, the Court rejects Plaintiff's contention that it is irrelevant that Defendant prevailed on some of the issues in this litigation. Pl. Obj. at 5; Pl. Reply at 3-4. The Sixth Circuit has made clear that a district court should consider the government's position as a whole in making a substantial justification determination under the EAJA:

> Though we have yet to express a view in an EAJA case on what "the position" of the government means, we have made clear in related circumstances that this language precludes the D.C. Circuit's claim-by-claim analysis that segments the

---

2005 provided substantial justification for the ALJ's decision of no disability. Def. Br. at 6-7. Defendant argues that because the 2005 disability period was a closed period, the burden was on Plaintiff to establish post-2005 disability — not on the ALJ to provide evidence of improvement. Id. at 6. Because the Court has decided the res judicata issue on other grounds, the Court need not reach this argument.

> substantial justification determination. See United States v. Heavrin, 330 F.3d 723, 730 (6th Cir. 2003). We find Heavrin instructive; in Heavrin, this Court relied on Jean and the Fourth Circuit in Roanoke to conclude that the "position" of the government under the EAJA requires a holistic determination of substantial justification instead of viewing the case as "atomized line-items" and, thus, held that the Hyde Amendment similarly precluded a count-by-count analysis in criminal cases. Id.
>
> . . . . Upon determining that the position of the government was justified as to the age discrimination claim but not the retaliation claim, the court should have determined what impact that dichotomy had on the government's case as a whole. See id. at 730–31. The district court should assess, if the two are distinct, which claim is more prominent in driving the case in order to make the substantial justification determination, or if the claims are sufficiently intertwined legally and factually that an insubstantial justification as to one renders the entire overall position unjustified, see Jones, 125 F.3d at 1429. In any event, the district court should perform an analysis to determine whether the government's position as a whole was substantially justified to make the threshold determination for awarding fees under the EAJA.

E.E.O.C. v. Memphis Health Ctr., Inc., 526 F. App'x 607, 615 (6th Cir. 2013) (footnote and some citations omitted). Defendant's position may be substantially justified even if there were errors or deficiencies in the ALJ's analysis. See Ratliff v. Comm'r of Soc. Sec., 465 F. App'x 459, 460 (6th Cir. 2012) (affirming the district court's conclusion that "the relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits, even though the ALJ had not articulated sufficient reasons for rejecting the opinion of [the plaintiff's] treating physician." (citation omitted)).

The Court concludes that, although the ALJ erred in failing to expressly describe the prior disability status findings, Defendant's "position on the ultimate issue of the denial of benefits was substantially justified." Id. at 461. In its prior Opinion, the Court concluded that the ALJ properly applied the treating physician rule, permissibly discounted Plaintiff's credibility based on contradictory evidence in the record, and properly determined that Plaintiff's impairments did not meet the listing for medical inability to use a prosthetic device. 3/15/13

Opinion at 12-16. The Court further determined that substantial evidence supported the limited weight the ALJ assigned to the opinion of Plaintiff's treating physician. Id. at 16. Because the ALJ applied the correct legal standards regarding listed impairments and treating physician opinions, and because the ALJ's decision was supported by a thorough review of the medical record, the Court concludes that Defendant was substantially justified in defending the ALJ's decision.

The res judicata issue and the overall disability determination were not so "intertwined legally and factually that an insubstantial justification as to [one issue] renders the entire overall position [of Defendant] unjustified." See Memphis Health Ctr., 526 F. App'x at 615. First, as the Court concluded above, the ALJ did have a substantial justification for his approach to the res judicata issue. The ALJ's discussion of res judicata was flawed, but it did not lack substantial justification. Moreover, the flawed nature of the ALJ's analysis was mitigated by the ALJ's consideration of new evidence since 2005 and conclusion that Plaintiff's disability status did materially change since 2005 in that Plaintiff was no longer disabled. For these reasons, the Court concludes that the ALJ's failure to expressly cite the 2005 disability findings did not render Defendant's litigation position as a whole unjustified.

Therefore, to the extent Plaintiff raises an objection regarding the import of Defendant's success on some of the issues presented by this case, the Court overrules such objection. Because Defendant's position was substantially justified, Plaintiff's counsel is not entitled to an attorney fee award under the EAJA.

## V. CONCLUSION

For the reasons stated above, the Court accepts the recommendation in the Magistrate Judge's R&R (Dkt. 24), sustains Plaintiff's objection as to whether he sufficiently raised the res judicata issue in his summary judgment briefing, overrules Plaintiff's objections as to whether

Defendant's position was substantially justified, and denies Plaintiff's counsel's application for attorney fees (Dkt. 19).

SO ORDERED.

Dated: June 18, 2014　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2014.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager