UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. BALLATORE,

        Plaintiff,                    Civil Action No. 11-CV-15335

vs.

                                     HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING THE COURT'S JUNE 18, 2014 DECISION DENYING ATTORNEY FEES AND EXPENSES OF LITIGATION UNDER THE EQUAL ACCESS TO JUSTICE ACT (Dkt. 28)**

**I.    INTRODUCTION**

Before the Court is Plaintiff's motion for reconsideration (Dkt. 28), requesting that the Court reconsider its June 18, 2014 decision (Dkt. 26) denying Plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In that decision, the Court adopted Magistrate Judge Charles E. Binder's Report and Recommendation ("R&R"), which recommended that the Court deny Plaintiff's application on the grounds that Defendant's position in this litigation was substantially justified. Plaintiff, through his counsel, Philip R. Fabrizio, now submits that a recent Sixth Circuit opinion, Glenn v. Commissioner of Social Security, 763 F.3d 494 (6th Cir. 2014), interprets the phrase, "substantial justification" in a manner contrary to the Court's earlier decision, requiring the Court to rethink its prior conclusion. For the reasons that follow, the Court declines to reconsider its previous determination and denies Plaintiff's motion.

1

## II.    BACKGROUND

This case stems from an appeal of the Commissioner of Social Security's decision to deny Plaintiff disability benefits. The case was referred to Magistrate Judge Charles E. Binder (Dkt. 2), and the parties filed cross-motions for summary judgment (Dkts. 7, 10). On October 2, 2012, the Magistrate Judge issued an R&R (Dkt. 12), which recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. Plaintiff subsequently raised two objections to the R&R: (i) the Administrative Law Judge ("ALJ") did not adequately consider a prior disability determination from 2005, and (ii) the ALJ did not properly apply the treating physician rule. 10/16/2012 Obj. at 6 (Dkt. 13).

Upon review of the R&R and Plaintiff's objections, the Court returned the matter to the Magistrate Judge for clarification regarding the Magistrate Judge's basis for affirming the ALJ's finding that Plaintiff's condition had materially changed and improved since the prior disability determination. 12/20/2012 Order (Dkt. 14). On January 8, 2013, the Magistrate Judge issued a second R&R, opining that Plaintiff's motion for summary judgment had not raised the issue that, absent specific findings of changed circumstances, principles of res judicata bound the ALJ to Plaintiff's prior disability determination, and therefore the Magistrate Judge had not addressed the issue in his initial R&R. 1/8/2013 R&R at 2 (Dkt. 15). Plaintiff subsequently filed objections to this second R&R, arguing that he had sufficiently raised the issue of res judicata in his opening and reply briefs. 1/9/2013 Obj. at 2 (Dkt. 16).

The Court then issued an Opinion and Order disposing of the case. In that Opinion, the Court sustained in part and overruled in part Plaintiff's objections to the first R&R, and accepted in part and rejected in part that R&R. The Court also sustained Plaintiff's objections to the second R&R, and rejected that R&R. In doing so, the Court concluded that Plaintiff sufficiently

raised the issue of res judicata before the Magistrate Judge. 3/15/2013 Op. & Order at 7-8 (Dkt. 17). The Opinion stated,

> Absent evidence that Plaintiff's condition improved since 2005 — a conclusion that necessarily requires discussing the status of Plaintiff's condition in 2005 — the ALJ is bound by the prior RFC determination. Therefore, the Court rejects the first and second R&Rs to the extent they suggest that the ALJ's decision that Plaintiff's condition "did materially change after June 23, 2005" applied the correct legal principles and was supported by substantial evidence.

Id. at 8-9. The Court then proceeded to overrule Plaintiff's objections relating to the ALJ's application of the treating physician rule and consideration of the medical record. Id. at 9-16. The Court concluded, "Upon remand, the ALJ shall determine whether Plaintiff's condition materially improved since the 2005 disability determination; in doing so, the ALJ shall explicitly discuss and reference the 2005 findings." Id. at 16.

Plaintiff then filed an application for attorney fees under the EAJA (Dkt. 19). The Magistrate Judge issued an R&R, which recommended that Plaintiff's application be denied on the grounds that Defendant's position was substantially justified. 11/26/2013 R&R (Dkt. 24). Plaintiff subsequently filed the following objections: (i) Plaintiff sufficiently raised the issue of res judicata in his briefing; (ii) the ALJ and Defendant's position lacked substantial justification because the ALJ's decision contained no discussion of Plaintiff's 2005 disability determination; and (iii) the fact that Defendant prevailed on some issues was not relevant to the substantial-justification determination. 12/9/2013 Obj. at 1-3, 4-5 (Dkt. 25). The Court issued an Opinion and Order, sustaining Plaintiff's objections in part and overruling Plaintiff's objections in part, and denying Plaintiff's application for attorney fees. Specifically, the Court found that, while Plaintiff had sufficiently raised the res judicata issue, the ALJ's position on the res judicata issue was substantially justified, given existing Sixth Circuit law, and that Defendant's position in the

case, as a whole, was substantially justified. 6/18/2014 Op. & Order at 1-2 (Dkt. 26). This motion for reconsideration followed.

### III. ANALYSIS

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(h)(3). That Rule, in relevant part, states as follows:

> Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case.

Id. A "palpable defect" is one "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

Plaintiff contends that the Court's reasoning in denying Plaintiff's application for attorney fees and litigation expenses under the EAJA is flawed in light of the recent Sixth Circuit decision in Glenn, which touched upon the meaning of "substantial justification." Specifically, Plaintiff argues that the "Court's reasoning is that taking the totality of the arguments, [Defendant's] arguments are 'substantially justified' because, and only because, other issues were properly and reasonably decided by the ALJ." Pl. Mot. at 5 (Dkt. 28) (emphasis in original). The Court understands Plaintiff to be taking issue with the fact that, in the Court's Opinion and Order denying Plaintiff's application for attorney fees, the Court looked not only at whether Defendant was substantially justified in the position it took with respect to the res judicata issue, but also at whether Defendant was substantially justified in the position it took with respect to the case as a whole. See id. at 3; see also 6/18/2014 Op. & Order at 11. According to Plaintiff, Glenn "stands for the proposition that looking at the case as a whole is not

the proper analysis where an issue or issues were argued without 'substantial justification.'" Pl. Mot. at 8.

In <u>Glenn</u>, the Sixth Circuit reversed a district court's denial of EAJA fees on the grounds that the district court's reasoning was "contrary to law." <u>Glenn</u>, 763 F.3d at 498. Specifically, the Sixth Circuit noted that "the district court did not conclude that the government met its burden to show that its position on the five reversible errors had a reasonable basis in both fact and law," but "concluded instead that the government was justified in opposing remand of the entire case because Glenn raised other errors that the magistrate judge rejected." <u>Id.</u> According to the Sixth Circuit, district courts should not simply "compar[e] the number of successful claims to unsuccessful claims in a single appeal," but rather they should determine "whether the government's litigating position <u>in opposing remand</u> is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." <u>Id.</u> at 498-499 (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)) (emphasis in original). The Sixth Circuit found that the government had failed to carry its burden of proof, "especially in light of the particular errors identified," several of which "were plainly contrary to law." <u>Id.</u> at 499. Upon review of the Sixth Circuit's decision in <u>Glenn</u>, the Court concludes that it does not alter the Court's analysis in its prior Opinion and Order.

As referenced above, in determining that Defendant's litigating position was substantially justified, the Court underwent a two-step process: first, the Court determined whether Defendant's position was substantially justified as to the basis for remand, <u>i.e.</u>, the <u>res judicata</u> issue; second, the Court determined whether Defendant's position in the case as a whole was substantially justified. Thus, as an initial matter, Plaintiff's contention that the Court's sole basis for denying attorney fees under the EAJA was premised on "other issues [] properly and

reasonably decided by the ALJ," Pl. Mot. at 5, is simply inaccurate, as the Court undertook a separate and independent inquiry of the reasonableness of Defendant's position with respect to the res judicata issue itself.[1] In its analysis, the Court reviewed the existing Sixth Circuit precedent with respect to the application of res judicata in a Social Security case. 6/18/2014 Op. & Order at 7-9. The Court concluded that the precedent "emphasized that the focus of the res judicata analysis should be new evidence since the prior ALJ's determination," and, therefore, the ALJ "had a reasonable basis in law for relying on a discussion of the new medical records since 2005 in determining Plaintiff's current disability status." Id. at 10. While it was unclear whether case law permitting an ALJ to solely discuss subsequent medical evidence, without discussing the prior disability finding, was wholly applicable to Plaintiff's case, the Court found that "the lack of definitive Sixth Circuit law on-point weighs toward concluding that 'reasonable people could differ' as to this point." Id.

And while Plaintiff appears to argue that the second step of the Court's analysis — whether Defendant's position in the case as a whole was substantially justified — is barred by Glenn, the Court observes that nothing in Glenn prohibits courts from undertaking this additional inquiry. Indeed, in explaining that the government's position in opposing remand must be

---

[1] Plaintiff does acknowledge that the "Court did, admittedly, note that the ALJ's 'approach' to the res judicata issue was substantially justified, but then, in deference to prior case law, notes that 'this was mitigated' by other arguments and findings of the ALJ and the Court considered the error less significant for 'Substantial Justification' because of other issues that this Court found were not error." Pl. Mot. at 7-8. The statement to which Plaintiff refers was offered in the Court's discussion of whether the ALJ's error was so intertwined with the overall disability determination as to render the government's entire position unjustified. See 6/18/2014 Op. & Order at 13. There, the Court stated that, although the ALJ's discussion of res judicata was indeed flawed, it did not lack substantial justification, and the error itself — the failure to expressly cite to Plaintiff's prior disability finding — "was mitigated by the ALJ's consideration of new evidence since 2005 and conclusion that Plaintiff's disability status did materially change since 2005 in that Plaintiff was no longer disabled." Id. These two facts led the Court to conclude that the ALJ's error "did not render Defendant's litigation position as a whole unjustified." Id.

6

reasonably justified and supported by law and fact, the Sixth Circuit in Glenn cited to a Supreme Court opinion that "explain[ed] that the government's posture on the case must be considered as an inclusive whole." Glenn, 763 F.3d at 498-499 (citing to Comm'r, INS v. Jean, 496 U.S. 154, 161-162 (1990)). Furthermore, in rejecting a similar objection made by Plaintiff, the Court's previous Opinion and Order referenced Sixth Circuit precedent that instructed courts to consider the government's position as a whole when making substantial-justification determinations under the EAJA. 6/18/2014 Op. & Order at 11-12 ("[T]he Court rejects Plaintiff's contention that it is irrelevant that Defendant prevailed on some of the issues in this litigation."). In considering Defendant's position as a whole, the Court thought it proper to take into account that the ALJ had applied the proper legal standards in other aspects of the decision. Id. at 12-13. Thus, the ALJ's decision here was not the "error-ridden benefit determination" that concerned the Sixth Circuit in Glenn. Glenn, 763 F.3d at 499.

Similarly, it was also appropriate for the Court to consider that the ALJ's decision itself "was supported by a thorough review of the medical record." 6/18/2014 Op. & Order at 13. The medical evidence in the record, along with physician opinions and Plaintiff's self-reported activities, all reasonably supported the ALJ's conclusion that, from 2009 through the date of the decision, Plaintiff was not disabled and, consequently, that Plaintiff's condition had improved since the prior disability determination. Id. at 12-13. Thus, the ALJ's error here was akin to a "failure to explain his findings adequately," which does not automatically trigger the conclusion that the government's position was not substantially justified. Glenn, 763 F.3d at 498 (quoting DeLong v. Comm'r of Soc. Sec., 748 F.3d 723, 727 (6th Cir. 2014)) (internal quotation marks omitted) (emphasis in original).

Plaintiff correctly identifies the res judicata issue as the basis for the Court's remand;

7

however, Plaintiff fails to appreciate that "[r]emand . . . does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified." Id.  As discussed in detail, supra, the Court did not simply compare the number of successful claims to unsuccessful claims, but, rather, it concluded that Defendant had satisfied its burden to demonstrate that its position with respect to the reversible error had a reasonable basis in law and fact, and, therefore, was substantially justified. Subsequently, the Court concluded that Defendant's position with respect to the case as a whole was also substantially justified.  Because the Court believes that it determined the issue of fees under the EAJA in accordance with Sixth Circuit precedent, including Glenn, Plaintiff has failed to demonstrate a palpable defect.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 28) is denied.

SO ORDERED.

Dated: June 5, 2015                             s/Mark A. Goldsmith
   Detroit, Michigan                            MARK A. GOLDSMITH
                                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2015.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager

8